IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10cv137-V-5
(5:03cr37-13)

| | |
|---|---|
| TROY NAMAN POWELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed September 7, 2010. (Doc. No. 1.)

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs the district court assigned a § 2255 motion to examine it promptly. When it plainly appears from any such motion and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. For the reasons stated herein, Petitioner's motion shall be dismissed as untimely.

**PROCEDURAL HISTORY**

On August 26, 2003, Petitioner was charged in a three-count bill of indictment with Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Case No. 5:03cr37-13, Doc. No. 3 at ¶¶ 1-4.) Also on August 26, 2003, the Government filed an information pursuant to 21 U.S.C. § 851, notifying Petitioner and the Court of Petitioner's state felony convictions that the Government intended to rely upon at

sentencing. Id. at Doc. No. 13. On April 23, 2004, Petitioner pled guilty without a written plea agreement to the conspiracy count charged in the indictment.

On June 17, 2004, a Presentence Investigation Report (hereinafter "PSR") was prepared prior to sentencing. It recommended an adjusted offense level of 29 and a criminal history category of III. The Court concluded that Petitioner was subject to the recidivist provision of § 841(b)(1)(A) which imposes a statutory minimum of 20 years imprisonment if a defendant has been convicted previously of a felony drug offense. Petitioner was sentenced on November 2, 2004 to 240 months imprisonment, see U.S.S.G. §5G1.1(b), followed by 10 years of supervised release. (Case No. 5:03cr37-13, Doc. No. 258.)

Petitioner did not directly appeal either his conviction or sentence. On September 7, 2010, he filed the instant motion to vacate, contending that he is actually innocent of the recidivist provision of § 841(b)(1)(A) and that his sentence should be vacated in light of the Supreme Court's ruling in Carachuri-Rosendo v. Holder, __ U.S. __, 130 S.Ct. 2577 (2010).

## DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate, which usually runs from "the date on which the judgment of conviction becomes final." § 2255(f)(1). Section 2255(f)(3), however, provides that the limitations period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review." § 2255(f)(3).

Here, Petitioner's conviction and sentence became final on or about December 24, 2004, when the time for filing a direct appeal expired. United States v. Johnson, 203 F.3d 823 (4th Cir.

2000) (unpublished); Fed. R. App. P. 4(b).  Petitioner filed the instant Motion to Vacate on September 7, 2010, almost six years later.  (Doc. No. 1.)  It appears, therefore, that Petitioner's Motion to Vacate is untimely under § 2255(f)(1).

Petitioner contends, however, that his motion is timely pursuant to § 2255(f)(3), because it was filed within one year of the Supreme Court decision in Carachuri-Rosendo, which he also contends should apply retroactively to his motion.  (Doc. No. 1 ¶ 18.)  He argues that under Carachuri-Rosendo, his prior North Carolina Class I felony conviction is not a "felony drug offense" and that it was error for this Court to sentence him under the recidivist provision of § 841(b)(1)(A).[1]

The Federal Controlled Substances Act mandates that where a defendant has a prior conviction for a "felony drug offense" which has become final, the defendant shall be sentenced to a minimum of 20 years imprisonment.  § 841(b)(1)(A) (2003).  For purposes of the Controlled Substance Act, a "felony drug offense" is defined as an offense (involving certain substances) "punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country[.]"  21 U.S.C. § 802(44) (2003).

North Carolina's sentencing statute employs a structure whereby each felony is assigned a class level.  North Carolina General Statute § 15A-1340.17(c) provides a table of punishments indexed by the class level of the offense and the defendant's prior criminal record level.  Once a defendant's offense/prior record placement is made within the table, there are three sentencing

---

[1] The Court is mindful of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002) to warn a petitioner that his case is subject to dismissal prior to dismissing a petition as untimely filed.  However, such warning is not necessary in this case.  In his § 2255 motion, Petitioner explains why he believes the one-year statute of limitations contained in § 2255(f)(1) does not bar his motion.  (Doc. No. 1 at ¶ 18.)

ranges for the defendant, depending upon the presence or absence of mitigating and aggravating factors. See § 15A-1340.17(c). Once the sentencing judge determines the minimum range under § 15A-1340.17(c), "§ 15A-1340.17(d) dictates the corresponding maximum for that minimum." United States v. Jones, 195 F.3d 205, 206 (4th Cir. 1999); N.C. Gen. Stat. § 15A-1340.17(d).

On January 1, 2000, Petitioner was convicted in North Carolina of one count of Possession with Intent to Sell or Deliver Marijuana, a Class I felony. (PSR at 10 ¶ 42.) He was given a suspended sentenced of six to eight months imprisonment. Id. Based upon Petitioner's criminal history level (I), the maximum to which he could have been sentenced under North Carolina's structured sentencing statute for his Class I conviction was 10 months in prison. See § 15A-1340.17(c) & (d).

The Fourth Circuit has twice examined North Carolina's structured sentencing statute in the context of federal criminal statutes containing recidivist provisions. In United States v. Jones, the court addressed whether 18 U.S.C. § 922(g)(1), which imposes firearms restrictions on those who have been convicted of a crime "punishable by imprisonment for a term exceeding one year," required an individualized analysis under North Carolina's sentencing scheme. 195 F.3d 205 (4th Cir. 1999). Jones had argued that the provision did not apply to him because, under North Carolina's structured sentencing statute, the maximum to which he could have been sentenced for his conviction was 12 months. Id. at 206-07. The court, however, concluded that the term "punishable" in the federal statute modified the crime, not the individual convicted of the crime. Id. at 207 ("Section 922(g)(1) requires only that the *crime* be punishable by a term exceeding one year."). Therefore, an individual is punishable under § 922(g) if his prior conviction was for an offense with a statutory maximum exceeding one year regardless of whether the individual himself could have been sentenced to a term of imprisonment exceeding

4

one year. Id.

The same rationale was adopted by the court in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). In that case, the defendant argued he did not meet the federal requirements for designation as a career offender because his prior North Carolina convictions did not qualify as controlled substance offenses under U.S.S.G. § 4B1.1(a). Id. at 246. A controlled substance offense must be "punishable by imprisonment for a term exceeding one year." U.S.S.G. § 4.B1.2(b). Harp contended that the facts of his North Carolina case did not allow the state court to issue a sentence in excess of a year. Harp, 406 F.3d at 246. Once again, the Fourth Circuit rejected an individualized analysis of sentences under North Carolina's sentencing statute and held that "a prior North Carolina conviction was for 'a crime punishable by imprisonment for a term exceeding one year,' if *any* defendant charged with that crime could receive a sentence of more than one year." Id. (citing Jones, 195 F.3d at 206-07).

Under this well-established Fourth Circuit precedent, the recidivist provision of § 841(b)(1)(A) was applicable to Petitioner at sentencing because the statutory maximum for a Class I felony under North Carolina's structured sentencing scheme is 15 months imprisonment. See § 15A-1340.17(c) & (d). Petitioner, however, contends that the Supreme Court's decision in Carachuri-Rosendo mandates a different result.

In Carachuri-Rosendo, the Court considered whether the defendant, who had been convicted in state court of two misdemeanor drug offenses, and who had not been charged as a recidivist with respect to the second offense, qualified as having been convicted of an "aggravated felony" under 8 U.S.C. § 1101(a)(43) of the Immigration and Naturalization Act. 130 S.Ct. at 2583. An "aggravated felony" for immigration law purposes includes a state drug offense that is punishable by a term of imprisonment for more than one year. Id. at 2581. The

5

defendant had two simple drug possession convictions, the second of which was eligible for an enhanced punishment of up to two years imprisonment had the state prosecutor charged the existence of the first simple possession conviction and given the defendant an opportunity to challenge its validity as a sentencing enhancement. Id. at 2581-83. However, the prosecutor did not seek an enhancement of the second conviction. Id. at 2583. Because the state did not enhance the defendant's sentence for the second misdemeanor possession conviction, the Court concluded that the Federal government was precluded from arguing that it was an "aggravated felony" for immigration law purposes. Id. at 2589.

The Court rejected the Government's contention that the second offense could have resulted in a sentence exceeding one year if it had been prosecuted under federal law based on the existence of the first simple possession conviction. Id. at 2586. The Court concluded that "[t]he mere possibility that defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command that a noncitizen be 'convicted of a[n] aggravated felony' before he loses the opportunity to seek cancellation of removal." Carachuri-Rosendo, 130 S.Ct. at 2589. The Court, therefore, concluded that state convictions to which no recidivist penalty attached did not meet the definition of "aggravated felony" under the immigration statute. Id. at 2589.

Petitioner contends that Carachuri-Rosendo requires that prior to determining whether a conviction for a state offense qualifies for statutory or guidelines enhancement, the sentencing court first must determine whether the defendant could have been subject to the offense statutory maximum based on his own criminal history. The impact of such a requirement on Petitioner's case would be substantial. If Petitioner's state conviction did not qualify as a "felony drug offense" under the Controlled Substances Act, his guideline range at the time of sentencing

6

would have been 120 to 135 months. See U.S.S.G. §§ 5A (sentencing table) & 5G1.1(c).[2] Furthermore, according to the record, Petitioner is eligible for a two-level reduction in offense level pursuant to Amendment 706 of the United States Sentencing Guidelines, the so-called Crack Cocaine Guideline Amendment. (Case No. 5:03cr37-13, Doc. No. 465: PSR Supplement Pursuant to Crack Cocaine Amendment (sealed).) His guideline term of imprisonment with the two-level reduction, and without the recidivist penalty, would be 10 years imprisonment. See § 5G1.1(b).

The Court is not convinced, at this time, however, that Carachuri-Rosendo mandates a different reading of Jones and Harp, binding Fourth Circuit precedent.[3] See e.g. United States v. Etheridge, 2010 WL 4974559, at *3 (E.D.N.C. Nov. 30, 2010) (unpublished) (Jones and Harp remain binding precedent (on motion to dismiss the indictment)); United States v. Austin, 2010 WL 3895781, at *4 (W.D.N.C. September 30, 2010) (unpublished) (same); but see United States v. Thompson, 2010 WL 4236532, at * 3 (W.D.N.C. October 21, 2010) (unpublished) (relying on Carachuri-Rosendo in rejecting Government's recommendation of sentence enhancement pursuant to 21 U.S.C. § 841(b)(1)(A)). Furthermore, even if Petitioner's interpretation of Carachuri-Rosendo is correct, his § 2255 motion still is untimely because he cannot show that

---

[2]Of course, with an upward departure, the Court could have sentenced Petitioner to 240 months imprisonment, nonetheless.

[3]The Court is aware that the Supreme Court has vacated and remanded a number of Fourth Circuit cases relying on Jones and Harp for reconsideration in light of Carachuri-Rosendo. Summers v. United States, __ U.S. __, 131 S.Ct. 80, 2010 WL 1654043 (Oct. 4, 2010) (mem.); White v. United States, __ U.S. __, 131 S.Ct. 84, 2010 WL 1739323 (Oct. 4, 2010) (mem.); Blackwood v. United States, __ U.S. __, 131 S.Ct. 161, 2010 WL 2300581 (Oct. 4, 2010) (mem.); Watson v. United States, __ U.S. __, 130 S.Ct. 3455 (June 21, 2010) (No. 09-8003) (mem.); Simmons v. United States, __ U.S. __, 130 S.Ct. 3455 (June 21, 2010) (No. 09-676) (mem.). However, until the Fourth Circuit issues a contrary ruling, those cases bind this Court.

the case is retroactive on collateral review. § 2255(f)(3).[4]

New procedural rules that are established after a conviction becomes final generally do not apply on collateral review. Teague v. Lane, 489 U.S. 288, 310 (1989). New substantive rules, however, are not barred by the Teague rule. Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004). Petitioner has not cited, and the Court was unable to find, any federal court opinion holding that Carachuri-Rosendo applies retroactively. Cf. Hickman v. United States, 2010 WL 4721706 (D.S.C. Nov. 12, 2010) (unpublished) (rejecting § 2255 argument that Carachuri-Rosendo represented a change in the law having retroactive effect).

Petitioner's motion is untimely because it was filed more than one year after his judgment of conviction became final. § 2255(f)(1). It, therefore, must be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is DISMISSED as untimely; and

2. The Clerk of Court shall docket in criminal case 5:03cr37-13 the Presentence Investigative Report prepared on June 17, 2004 for defendant Troy Naman Powell (5:03cr37-13).

**IT IS FURTHER ORDERED** that a certificate of appealability to consider the issue of whether Carachuri-Rosendo announced a new rule of law that applies retroactively to cases on collateral review for purposes of § 2255(f)(3) is **GRANTED**. See e.g. United States v. Thomas, --- F.3d ----, 2010 WL 5383892, at *1 (4th Cir. 2010) (granting certificate of appealability to

---

[4] Because the Court will grant Petitioner a certificate of appealability, it does not reach the issue of whether, in the alternative, Petitioner procedurally defaulted this claim by failing to raise it on direct appeal. See Bousley v. United States, 523 U.S. 614, 622 (1998).

consider issue of whether <u>Watson v. United States</u>, 552 U.S. 74, 83 (2007), announced a new rule of law that applies retroactively to cases on collateral review for purposes § 2255(f)(3)); <u>United States v. Williams</u>, No. 09-7617, 2010 WL 3760015, at *1-2 (4th Cir. Sept. 24, 2010) (unpublished) (finding petitioner actually innocent of being an armed career criminal in an appeal of an order denying § 2255 relief).

Signed: January 4, 2011

Richard L. Voorhees
United States District Judge